NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROBERT MARTINEZ,<br><br>      Plaintiff,<br><br>   v.<br><br>STATE OF NEW JERSEY,<br>JOSE RIVERA, ANTHONY DEVITO,<br>CAPRICE CALDWELL, CHRISTOPHER<br>BIRARDI, DENNIS FLYNN, JOHN<br>BOZINOWSKI, JOHN DOES 1-5,<br><br>      Defendants. | Civil Action No. 2:11-cv-02223<br>(SDW) (MCA)<br><br><br>**OPINION**<br><br><br>June 8, 2012 |

**WIGENTON**, District Judge.

  Before the Court is a motion to dismiss the amended complaint of plaintiff Robert Martinez ("Plaintiff" or "Martinez") pursuant to Federal Rule of Civil Procedure 12(b)(6) and motion for partial summary judgment pursuant to Federal Rule of Civil Procedure 56 ("Defendants' Motion") by defendants Jose Rivera, Caprice Caldwell, Christopher Birardi,[1] and Dennis Flynn (collectively, "Defendants"). Plaintiff also filed a motion to amend his first amended complaint ("Motion to Amend").

  The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1332 and 1343(a)(3), and 42 U.S.C. 1983. Venue is proper under 28 U.S.C. § 1391.

  This Court, having considered the parties' submissions, decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78.

---

[1] Pled as "Christopher Berardi" in the initial and amended complaint.

For the reasons stated below, this Court will **GRANT** Defendants' Motion. Specifically, the request for the dismissal of claims for false arrest, malicious prosecution, conspiracy, and violation of First Amendment rights will be granted. Plaintiff's Motion to Amend will be denied.

**FACTUAL AND PROCEDURAL HISTORY**

Plaintiff alleges that on December 6, 2009, he visited his son, an inmate at Eastern Jersey State Prison ("EJSP"). (Am. Compl. ¶ 15.) At the conclusion of this visit, Plaintiff, along with other prison visitors, was escorted to an outdoor area where he awaited release. (*Id.* ¶ 17.) Plaintiff asserts that after waiting an hour, he complained to Defendants, and that Defendants "immediately apprehended him, placed him in custody, and beat him senseless." (*Id.* ¶¶ 18 19.) Plaintiff alleges that Defendants conspired to arrest and physically abuse him. (*Id.* ¶ 20.) As a result of this incident, Defendants charged Plaintiff with two criminal complaints for aggravated assault by attempting to cause bodily injury to a corrections officer.[2] (*Id.* ¶ 21.)

On April 19, 2011, Plaintiff commenced this action against Defendants. On April 25, 2011, Plaintiff filed the First Amended Complaint ("Amended Complaint") with claims pursuant to 42 U.S.C. § 1983 alleging violations of the First, Fourth, and Fourteenth Amendments, and conspiracy to interfere with his civil rights. (*Id.* ¶¶ 22-26.) Plaintiff also alleges violations of the New Jersey Constitution and the New Jersey Civil Rights Act. (*Id.* ¶¶ 27-28.)

On November 17, 2011, Defendants' Motion was filed, and on January 24, 2012, Plaintiff filed opposition and the Motion to Amend.

---

[2] The criminal charges against Plaintiff that resulted from this incident were dismissed and "Plaintiff merely [pled] guilty to a municipal ordinance violation of disorderly conduct." (Pl.'s Opp'n Br. 2-3; Def. Ex. C at DOC65.)

**LEGAL STANDARD**

*Motion to Dismiss*

The adequacy of pleadings is governed by Federal Rule of Civil Procedure 8(a)(2), which requires that a complaint allege "a short and plain statement of the claim showing that the pleader is entitled to relief." This Rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted); *see also, Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (stating that Rule 8 "requires a 'showing' rather than a blanket assertion of an entitlement to relief.").

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must "'accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" *Phillips*, 515 F.3d at 233 (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). If the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint should be dismissed for failing to "show[] that the pleader is entitled to relief" as required by Rule 8(a)(2). *Id.* at 679.

According to the Supreme Court in *Twombly*, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his[/her] 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." 550 U.S. at 555 (internal citations omitted). The Third Circuit summarized the *Twombly* pleading standard as follows: "'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element." *Phillips*, 515 F.3d at 234 (quoting *Twombly*, 550 U.S. at 556).

In *Fowler v. UPMC Shadyside*, the Third Circuit directed district courts to conduct a two-part analysis. 578 F.3d 203, 210 (3d Cir. 2009). First, the court must separate the factual elements from the legal conclusions. *Id.* The court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." *Id.* at 210-11. Second, the court must determine if "the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Id.* (quoting *Iqbal*, 566 U.S. at 679). "In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts. *Id.* (citing *Phillips*, 515 F.3d at 234-35.)

<u>Summary Judgment</u>

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute is genuine if a reasonable jury could return a verdict for the nonmovant, and it is material if, under the substantive law, it would affect the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The

moving party must show that if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the nonmoving party to carry its burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

Once the moving party meets the initial burden, the burden then shifts to the nonmovant who must set forth specific facts showing a genuine issue for trial and may not rest upon the mere allegations or denials of its pleadings. *Shields v. Zuccarini*, 254 F.3d 476, 481 (3d Cir. 2001). The court may not weigh the evidence and determine the truth of the matter but rather determine whether there is a genuine issue as to a material fact. *Anderson*, 477 U.S. at 249. In doing so, the court must construe the facts and inferences in a light most favorable to the nonmoving party. *Masson v. New Yorker Magazine, Inc.*, 501 U.S. 496, 520 (1991). The nonmoving party "must present more than just 'bare assertions, conclusory allegations or suspicions' to show the existence of a genuine issue." *Podobnik v. United States Postal Serv.*, 409 F.3d 584, 594 (3d Cir. 2005) (quoting *Celotex Corp.*, 477 U.S. at 325). If the nonmoving party "fail[s] to make a sufficient showing on an essential element of [its] case with respect to which [it] has the burden of proof," then the moving party is entitled to judgment as a matter of law. *Celotex Corp.*, 477 U.S. at 323.

**DISCUSSION**

Plaintiff asserts that Defendants violated his federal constitutional rights under the First, Fourth, and Fourteenth Amendments[3] and under the New Jersey State Constitution, Article I, Paragraph 7, because Defendants falsely arrested Plaintiff and used excessive force in doing so. (Am. Compl. ¶¶ 23-24, 28.) In addition, Plaintiff maintains that

---

[3] The Court notes that while Plaintiff's Amended Complaint also refers to the Fifth, Sixth, and Eighth Amendments, no claim regarding violations of these rights is specified or pled.

5

Defendants conspired to violate his civil rights by falsely arresting him and using excessive force in doing so. (*Id.* ¶ 26.)

In addition to other arguments, Defendants assert that they are shielded from liability in this case based on the doctrine of "qualified immunity." "Qualified immunity is 'an entitlement not to stand trial or face the other burdens of litigation.'" *Saucier v. Katz,* 533 U.S. 194, 200 (2001) (quoting *Mitchell v. Forsyth,* 472 U.S. 511, 526 (1985)). It applies to the "discretionary functions" of government officials whose actions do not "violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). In the instant matter, however, Plaintiff asserts that the claims are brought against Defendants in their individual capacities, and not in their official capacities. (Pl's Opp'n Br. 4; Am. Compl. ¶ 14.) As this Court bases its dismissal of specific claims on other grounds at this stage, this Court will not engage in an analysis based on qualified immunity.

As discussed below, the Court finds that Plaintiff's claims for false arrest and malicious prosecution are not sustainable as a matter of law and they will be dismissed. Additionally, Plaintiff has not stated a viable claim for violation of First Amendment rights and the conspiracy claim is not adequately pled and will be dismissed. Defendants' Motion does not address Plaintiff's excessive force claims, and those claims remain. The claims against Defendants Caldwell and Birardi will be dismissed.

### I. FALSE ARREST CLAIMS

For a claim of false arrest "'[t]he essential thing is the constraint of the person' . . . '[t]he gist of false imprisonment is merely unlawful detention without more.'" *Adams v. City of Camden*, 461 F. Supp. 2d 263, 270 (D.N.J. 2006) (internal citation omitted); *see*

6

*also, Merman v. City of Camden*, No. 07-cv-3449, 2010 WL 2521422, at *12 (D.N.J. 2010).  However, a plaintiff must establish that he was arrested without probable cause to state a claim for false arrest under § 1983. *See Sharrar v. Felsing*, 128 F.3d 810, 817-818 (3d Cir. 1997), *abrogated on other grounds by Curley v. Klem*, 499 F.3d 199 (3d Cir. 2007); *Santiago v. City of Vineland*, 107 F. Supp. 2d 512, 561 (D.N.J. 2000); *Palma v. Atlantic County*, 53 F. Supp. 2d 743, 755 (D.N.J. 1999).  The Third Circuit has concluded "that a guilty plea — even one for a lesser offense — does not permit a later assertion of no probable cause." *Walker v. Clearfield Cnty. Dist. Att'y*, 413 F. App'x 481, 483 (3d Cir. 2011).

In the instant matter, Plaintiff alleges that Defendants falsely arrested him.  (Am. Compl. ¶¶ 23-24, 28.)  Defendants argue that there was probable cause to arrest Plaintiff.  (Defs' Br. 14-16.)  Plaintiff pled guilty to a municipal ordinance violation of disorderly conduct. (*See* Pl.'s Opp'n Br. 2-3; Def. Ex. C at DOC65.)  Plaintiff's guilty plea to the disorderly conduct charge arising out of the events at EJSP on December 6, 2009, does not support Plaintiff's assertion of no probable cause and the false arrest claim arising from the same events.

Even if Plaintiff could prove the absence of probable cause, his claim would fail because it would imply the invalidity of the conviction for the lesser offense.  *See Walker*, 413 F. App'x at 484 (quoting *Heck v. Humphrey*, 512 U.S. 477, 487 (1994)).  That is, the basis of Plaintiff's suit is that the Defendants unreasonably seized him without probable cause. If he proved that allegation, it would necessarily imply that Plaintiff's conviction was invalid because his guilty plea and resulting conviction were based solely on his actions at EJSP on December 6, 2009.

There is no dispute that Plaintiff pled guilty to the disorderly conduct charge (Pl.'s Opp'n Br. 2-3; Def. Ex. C at DOC65.)  As there is no genuine dispute as to a material fact regarding Plaintiff's claim for false arrest, the disposition of this claim is appropriate for summary judgment.  As the case law discussed above indicates, Plaintiff does not have a viable claim for false arrest as a matter of law given his plea.

## II. MALICIOUS PROSECUTION

Plaintiff's Amended Complaint does not state a claim for malicious prosecution.  To the extent that Plaintiff's proposed Second Amended Complaint, if allowed would attempt to add such a claim, Plaintiff cannot maintain a viable claim for malicious prosecution.  Under § 1983 and New Jersey State law, a plaintiff can only state a claim for malicious prosecution when the criminal action ended in his favor. *See, e.g.*, *Pittman v. Metuchen Police Dept.*, 441 F. App'x 826, 829 (3d Cir. 2011); *Mondrow v. Selwyn*, 412 A.2d 447, 450 (N.J. Super. App. Div. 1980). Reduced charges are not considered favorable for purposes of a malicious prosecution action.[4] *Pittman*, 441 F.App'x at 829-30; *Mondrow*, 412 A.2d at 450.

Plaintiff concedes that Defendants originally charged him with two criminal complaints for aggravated assault by attempting to cause bodily injury to a corrections officer. (Am. Compl. ¶ 21.)  Pursuant to an agreement between Plaintiff and the prosecution, one charge was dismissed and Plaintiff pled guilty to a municipal ordinance violation of disorderly conduct. (*See* Pl.'s Opp'n Br. 2-3; Def. Ex. C at DOC65.)  Thus,

---

[4] Voluntarily compromised charges are not viewed as favorable for the purposes of malicious prosecution for two reasons: "'Sometimes it is said that this is an admission of probable cause; but the better reason seems to be that the accused has consented to a termination which leaves open the question of his guilt and possible conviction, and so he cannot take advantage of it, after the prosecutor has foregone the opportunity of proving that there really was guilt.'" *Mondrow*, 412 A.2d at 450 (quoting William Prosser, *Torts* § 119 (4 ed. 1971).).

8

Plaintiff failed to state a claim for malicious prosecution upon which relief can be granted because the criminal action upon which the claim is based did not end in his favor. Accordingly, the Court grants Defendant's request for summary judgment as to a purported claim for malicious prosecution.

### III.   VIOLATION OF FIRST AMENDMENT RIGHTS

In addition to other rights, Plaintiff alleges that Defendants violated his First Amendment rights.  For a 42 U.S.C. § 1983 violation, Plaintiff must show that Defendants, while acting under color of state law, violated "a right secured by the Constitution and laws of the United States . . . ." *West v. Atkins*, 487 U.S. 42, 48 (1988); *see also*, *Piecknick v. Pennsylvania*, 36 F.3d 1250, 1255-56 (3d Cir. 1994).  "Title 42 U.S.C. § 1983 provides a remedy for deprivations of rights secured by the Constitution and laws of the United States when that deprivation takes place 'under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . .'" *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (U.S. 1982).

To establish a First Amendment retaliation claim under 42 U.S.C. § 1983, Plaintiff must show the following: (1) he engaged in activity protected by the First Amendment; (2) the "defendant's retaliatory action was sufficient to deter a person of ordinary firmness from exercising his or her rights; and (3) that there was a causal connection between the protected activity and the retaliatory action." *Lauren W. ex rel. Jean W. v. DeFlaminis*, 480 F.3d 259, 267 (3d Cir. 2007); *see Thomas v. Independence Twp.*, 463 F.3d 285, 296 (3d Cir. 2006).  Additionally, the absence of probable cause is essential to proving the causal connection between the protected activity and the

9

retaliatory action. *See Hartman v. Moore,* 547 U.S. 250, 265-66 (2006); *Walker*, 413 F. App'x at 483.

In the instant matter, Plaintiff has not adequately pled a violation of First Amendment rights. Under *Fowler*, the Court must engage in a two part analysis. 578 F.3d at 210-11. First, the Court must separate the factual elements in Plaintiff's complaint from the legal conclusions. *Id.* With regard to Plaintiff's First Amendment retaliation claim, Plaintiff alleges the following facts: Plaintiff visited his son at EJSP on December 6, 2009. (Am. Compl. ¶ 15.) After the visit, Plaintiff waited with other visitors in an outdoor area to be released. (*Id.* ¶ 17.) After an hour-long wait that prevented Plaintiff from taking his medication, he complained. (*Id.* ¶ 18.) Immediately upon hearing Plaintiff's complaint, Defendants allegedly apprehended Plaintiff, placed him into custody, and "beat him senseless." (*Id.* ¶ 19.) Defendants then charged Plaintiff with two criminal complaints of aggravated assault by attempting to cause bodily injury to a corrections officer. (*Id.* at ¶ 21.) Plaintiff's statement that "[c]learly, Mr. Martinez's complaining was not sufficient probable cause for an arrest," is a legal conclusion that the court may disregard. (*Id.* at ¶ 19); *See Fowler*, 578 F.3d at 211.

Next, once the court separates the facts from the legal conclusions, it must determine whether the factual matter, taken as a whole, is enough "'to suggest' the required element." *Phillips*, 515 F.3d at 234 (quoting *Twombly*, 550 U.S. at 556). In other words, the Court must determine whether the Plaintiff "nudged [his] claim[] across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. After viewing Amended Complaint in the light most favorable to Plaintiff as required, this Court finds that the facts pled are insufficient to establish even the first element of a claim for

retaliatory action. Plaintiff's complaint alleges merely that Plaintiff "complained." (Am. Compl. ¶ 18.) Not all speech is protected by the First Amendment. *See, e.g.*, *Houston v. Hill*, 482 U.S. 451, 461 n.12 (1987); *Chaplinsky v. New Hampshire*, 315 U.S. 568, 572 (1942). Plaintiff does not specify how the Defendants violated his First Amendment rights, and thus, has not made a plausible claim for the violation of First Amendment rights. (*See* Am. Compl.) As the facts alleged in Plaintiff's Amended Complaint fail to nudge Plaintiff's claim for First Amendment retaliatory action from conceivable to plausible, it cannot survive a motion to dismiss.

## IV. CONSPIRACY

With regard to the conspiracy claim, at this stage, this Court also evaluates this claim under the motion to dismiss standard. "To properly state a § 1983 conspiracy claim, a plaintiff must allege that 'persons acting under color of state law conspired to deprive him of a federally protected right.'" *Novellino v. New Jersey Dep't of Corr. Mountainview Youth Corr. Facility*, No. 10–4542, 2011 WL 3418201, at *6 (D.N.J. Aug. 3, 2011) (quoting *Perano v. Twp. of Tilden*, No. 10–2393, 2011 WL 1388381, at *4 (3d Cir. Apr. 13, 2011)).

At the motion to dismiss stage, the allegations of conspiracy "must provide some factual basis to support the existence of the elements of a conspiracy: agreement and concerted action." *Capogrosso v. Supreme Court of New Jersey*, 588 F.3d 180, 185 (3d Cir. 2009). "[A] plaintiff must assert facts from which a conspiratorial agreement can be inferred." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 178 (3d Cir. 2010). In other words, there must be a "meeting of the minds." *See Startzell v. City of Philadelphia, Pennsylvania*, 533 F.3d 183, 205 (3d Cir. 2008).

Plaintiff has not set forth a claim for conspiracy in the Amended Complaint, and the proposed Second Amended Complaint does not address deficiencies in the conspiracy claim.  Plaintiff alleges that Defendants conspired by "acting in concert" to falsely arrest and "physically abuse him" and "agreeing to falsely arrest him and use excessive force upon him." (Am. Compl. ¶¶ 20, 26.)  Simply alleging "agreement" without facts from which that agreement can be inferred is insufficient. *See Great W. Mining*, 615 F.3d at 178.  Plaintiff has not alleged facts that establish that Defendants agreed to do anything unlawful.  Accordingly, Plaintiff has failed to state a claim for relief for conspiracy under § 1983.

## V. VIOLATION OF NEW JERSEY CONSTITUTION/NEW JERSEY CIVIL RIGHTS ACT

The New Jersey Civil Rights Act ("NJCRA"), N.J. Stat. Ann. § 10:6-2, was modeled after § 1983, and creates a private cause of action for violations of civil rights secured under the New Jersey Constitution. *Celestine v. Foley*, No. 10-1775, 2010 WL 5186145, at *6 (D.N.J. Dec. 14, 2010).  "Courts have repeatedly construed the NJCRA in terms nearly identical to its federal counterpart: Section 1983." *Chapman v. New Jersey*, Civil No. 08-4130 (AET), 2009 WL 2634888, at *3 (D.N.J. Aug. 25, 2009); *See also Major Tours, Inc. v. Colorel*, 720 F. Supp. 2d 587, 604 (D.N.J. 2010) (accepting the comparison between the NJCRA and §1983 made by the *Chapman* court); *Pettit v. New Jersey*, Civil No. 09-3735 (NLH) 2011 WL 1325614, at *3 (D.N.J. Mar. 30, 2011).  As discussed, Plaintiff has failed to state a claim under § 1983.  Plaintiff's claims under NJCRA are based on the same amended complaint alleging the same facts. As such, this Court finds that the Plaintiff has failed to state a claim under NJCRA as well.

## VI.     PLAINTIFF'S MOTION TO AMEND

Plaintiff's Motion to Amend will be denied as it would be futile at this point. Pursuant to Federal Rule of Civil Procedure 15(a)(2), if not within the first 21 days of a service of the original complaint or a motion under Rule 12(b), "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Defendants' filed the motion to dismiss on November 17, 2011. (Defs.' Mot. To Dismiss 2.) Plaintiff's filed his response on January 23, 2012. (Pl.'s Opp'n Br. 15.) Accordingly, Plaintiff properly requested the court's leave in accordance with Rule 15(a)(2). (Pl.'s Opp'n Br. 13-15.)

Plaintiff's proposed Second Amended Complaint fails to allege any different or additional facts from the first Amended Complaint that would further set forth his claims. As noted, this Court will grant summary judgment regarding the claims for false arrest and malicious prosecution as there are no material facts in dispute regarding those claims and Plaintiff cannot prevail on those claims as a matter of law.  Plaintiff's proposed Second Amended Complaint also does not set forth facts to support the conspiracy or First Amendment violation claims which this Court will also dismiss.

## VII.    DEFENDANTS CALDWELL AND BIRARDI

Defendants request summary judgment on all claims against Defendants Caldwell and Birardi, based on the assertion that they had limited personal involvement in this matter. (Defs' Br. 20.) Plaintiff notes that Defendant Birardi was "a [s]enior Investigator at the East Jersey State Prison, initiated the criminal proceedings against Martinez. . . . In fact, Birardi signed the criminal complaints charging Plaintiff with two counts of

aggravated assault." (Pl.'s Opp'n Br. 11 (citing Defs' Ex. F).)[5]  However, as discussed above, the claims for false arrest, malicious prosecution, conspiracy, and First Amendment violations will be dismissed.  It does not appear that either Defendant Caldwell or Birardi were physically present at EJSP on December 6, 2009  at the time of the incident.  (*See* Defs' Ex. E, F.)  Plaintiff has not disputed or argued otherwise.  It does not appear that Plaintiff is stating a claim for excessive force (not currently before this Court in Defendants' Motion) separate from conspiracy against Defendants Caldwell and Birardi. Thus, claims against Defendants Caldwell or Birardi will be dismissed without prejudice.

**CONCLUSION**

For the reasons set forth above, this Court **GRANTS** Defendants' Motion. Plaintiff's claims regarding false arrest, malicious prosecution, conspiracy, and violation of First Amendment rights will be dismissed.  Plaintiff's Motion to Amend is **DENIED**.

                                              s/Susan D. Wigenton, U.S.D.J.

Orig: Clerk
Cc:  Madeline Cox Arleo, U.S.M.J.
      Parties

---

[5] The Court notes that Plaintiff did not set forth any specific arguments in his opposition regarding Defendants' request for summary judgment as to Defendant Caldwell.